# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PETER SLACK,           )
                            )
          Plaintiff,     )    Case No.: 2:18-cv-00899-GMN-CWH
     vs.                   )
                            )        **ORDER**
UNITED AIRLINES, INC., a Foreign   )
Corporation,                )
                            )
          Defendant.    )
_____)

Pending before the Court is the Motion to Dismiss the First Amended Complaint, (ECF No. 9), filed by Defendant United Airlines, Inc. ("Defendant"). Plaintiff Peter Slack ("Plaintiff") filed a Response, (ECF No. 12), and Defendant filed a Reply, (ECF No. 13).

Also pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, (ECF No. 14). Defendant filed a Response, (ECF No. 16), and Plaintiff filed a Reply, (ECF No. 19).

For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss. Additionally, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Leave to File Second Amended Complaint.

## I.     BACKGROUND

This case arises from Defendant's December 29, 2017 termination of Plaintiff as its employee. (First Am. Compl. ("FAC") ¶¶ 16, 53). That termination came after Defendant conducted an internal investigation into Plaintiff for sexual harassment in the workplace. (*Id.* ¶¶ 27–30, 40–44, 53).

Defendant's internal investigation began on November 1, 2017, after members of Plaintiff's working group (specifically, Leona Lee and Markisha Jordan) accused Plaintiff of

sexual harassment. (*Id.* ¶¶ 26, 27). Upon receiving those accusations, Defendant immediately placed Plaintiff on paid administrative leave. (*Id.* ¶ 28).

As the investigation progressed, Plaintiff alleges that he provided his own evidence to combat the harassment allegations, alongside a statement from another employee of Defendant stating that Plaintiff was not a threat or problematic. (*Id.* ¶¶ 36–38). Plaintiff similarly alleges that on December 14, 2017, as part of Defendant's internal investigation, Plaintiff explained to Defendant's General Manager, George Bieloszabski, and Assistant General Manager, Sherida Derby, that Defendant's workplace had a "pervasive culture of inappropriate, sexual, and harassing comments." (*Id.* ¶¶ 50–52). At that time, Plaintiff also pointed to his accusers, Lee and Jordan, as those who made inappropriate comments involving sexual issues. (*Id.* ¶¶ 50–51).

Roughly two weeks after that December 14, 2017 discussion, Defendant terminated Plaintiff from his position. (*Id.* ¶ 53). Plaintiff subsequently tried to appeal his termination through Defendant's internal appellate procedures, but without success. (*Id.* ¶¶ 60–66).

On February 20, 2018, Plaintiff received a Right to Sue Letter from the United States Equal Employment Opportunity Commission ("EEOC"), in response to his filing of a Charge of Discrimination against Defendant. (*Id.* ¶ 4). Plaintiff accordingly filed this action on May 17, 2018, alleging three claims for relief: (1) discrimination based on race, color, national origin, gender and age in violation of Nevada Revised Statute ("NRS") 613.330 *et. seq.* and 42 U.S.C. § 2000e *et. seq.* ("Title VII"); (2) retaliation in violation of 42 U.S.C. § 2000e-3 and NRS 613.340; and (3) violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981. (*Id.* ¶¶ 67– 99). Plaintiff then filed a First Amended Complaint, (ECF No. 6), based on the same claims; and Defendant filed the instant Motion to Dismiss, (ECF No. 9), soon after.

///

///

///

## II. __LEGAL STANDARD__

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court should dismiss "Prolix, confusing complaints" as "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into one for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Otherwise, if the court considers materials outside the pleadings, the motion to dismiss converts into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Motion to Amend

Once the time period in Rule 15(a)(1) of the Federal Rules of Civil Procedure to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. <u>DISCUSSION</u>

Defendant moves to dismiss Plaintiff's First Amended Complaint on the ground that it lacks sufficient allegations to plausibly support the named causes of action. (MTD 3:3–20, ECF No. 9). The Court's below discussion addresses the sufficiency of Plaintiff's claims in the order that they appear in the First Amended Complaint.

## A. Gender Discrimination

Plaintiff's first claim concerns gender discrimination in violation of Title VII and NRS 613.330.[1] (FAC ¶¶ 67–81). Plaintiff accordingly must allege: (1) he belonged to a protected class; (2) he was qualified for his job; (3) he experienced an adverse employment action; and (4) similarly situated employees outside of his protected class were "treated more favorably, or [that] other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)); *see Stewart v. SBE Entm't Grp., LLC*, 239 F. Supp. 3d 1235, 1246 n.61 (D. Nev. 2017) (explaining that a discrimination claim under NRS 613.330 proceeds under the same analysis as that of a Title VII claim); *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005).

Here, Defendant does not dispute Plaintiff's membership in a protected class; however, Defendant disputes the remaining elements. (MTD 5:3–7:2). The Court's analysis thus begins with whether Plaintiff provided sufficient allegations to support a qualification for his position.

Defendant argues that Plaintiff does not provide allegations to show how he met the requirements or expectations of his job; and thus his gender discrimination claim fails. (*Id.* 5:12–13). The Court agrees. Lacking from the First Amended Complaint are allegations that Plaintiff satisfied his position's qualifications or performed his job satisfactorily. *Compare Kamara v. Adams & Assocs., Inc.*, No. 2:16-cv-02300-TLN-KJN, 2017 WL 4340255, at *3 (E.D. Cal. Sept. 29, 2017) (explaining that the Court could infer qualification for the position because "Plaintiff alleges she was hired by Defendant's predecessor for the role . . . and she

---

[1] Plaintiff's First Amended Complaint alleged discrimination based on gender, race, color, national origin, and age discrimination. (FAC ¶¶ 67–81). However, after Defendant filed its Motion to Dismiss, Plaintiff voluntarily waived the portions of his first claim based on race, color, national origin, and age discrimination; thus pursuing only a gender discrimination claim. (Resp. 5:17–18, ECF No. 12). In light of Plaintiff's waiver, the Court consequently need not address Defendant's argument that Plaintiff failed to exhaust his administrative remedies concerning racial discrimination under Title VII. (MTD 7:5–8:9, ECF No. 9).

was praised by her supervisors and had no write-ups, warnings, or disciplinary history, during the years she performed that role.").  To be clear, Plaintiff provides his history with Continental Airlines, his promotion to the position of customer service agent in July 2008, Defendant's merger with Continental, and Defendant's retainment of Plaintiff in his position until the alleged wrongful termination. (*Id.* ¶¶ 14–16, 53).  However, even taking these allegations in the light most favorable to Plaintiff, they do not reveal relevant job qualifications for Plaintiff's position.  Nor do these allegations reveal how Plaintiff met his position's job qualifications at the relevant time period.  Thus, contrary to Plaintiff's argument, the First Amended Complaint cannot support the plausible inference of a necessary, disputed element with Plaintiff's claim.

Additionally, Plaintiff's First Amended Complaint lacks sufficient allegations to support the fourth element concerning more favorable treatment of similarly situated employees outside his protected class. [2]  According to Plaintiff, Defendant treated him less favorably than similarly situated female co-workers by terminating him after he was accused of sexual harassment, while female employees did not suffer such consequence after accusations of sexual harassment. (FAC ¶¶ 50–53, 70, 72).  However, the First Amended Complaint does not, in more than a conclusory fashion, disclose if the identified female employees engaged in comparable work activity as Plaintiff, engaged in similar harassing behavior as that alleged against Plaintiff, or, more generally, resembled Plaintiff in terms of "all material respects." *Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1157 (9th Cir. 2010).  Instead, Plaintiff simply states that he "predominantly worked in a working group" with the comparable female employees,

---

[2]  Defendant argues that Plaintiff's gender discrimination claim must fail as a matter of law because Plaintiff's First Amended Complaint reveals how Defendant treated members within Plaintiff's protected class (male employees) just as favorably as women; thus, showing inconsistency in Plaintiff's claim that Defendant treated him differently because of his gender. (MTD 5:12–6:1, ECF No. 9).  However, it is unclear based on the current set of allegations how Defendant treated other male employees just as favorably as female employees.  The Court thus cannot adequately judge Defendant's argument at this time.  Nevertheless, Defendant is correct that Plaintiff's gender discrimination claim under Title VII must show how similarly situated individuals *outside* his protected class were treated more favorably than him. *See Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); *Panelli v. First Am. Title Ins. Co.*, 704 F. Supp. 2d 1016, 1025 (D. Nev. 2010).

and that these employees "made inappropriate comments involving sexual issues." (*Id.* ¶¶ 18, 50–51). Without factual allegations of similarity between Plaintiff's circumstances and that of comparable female employees, the Court cannot discern whether Defendant treated similarly situated female employees "more favorably" than him. *See Hawn*, 615 F.3d at 1156.

Accordingly, Plaintiff fails to provide sufficient factual allegations that reveal a plausible claim for gender discrimination. The Court thus dismisses Plaintiff's first claim.

## B. Retaliation

Plaintiff's second claim alleges that Defendant wrongfully retaliated against Plaintiff by terminating him "after he complained of acts which he reasonably believed were discriminatory." (FAC ¶¶ 50–53, 83–84). According to Plaintiff, he voiced those complaints during Defendant's internal investigation into Plaintiff's behavior in the workplace. (*Id.* ¶¶ 50–53). Plaintiff thus asserts two bases for his retaliation claim: (1) violation of federal law, 42 U.S.C. § 2000e-3(a); and (2) violation of state law, NRS 613.340. (*Id.* ¶¶ 83–84).

42 U.S.C. § 2000e-3(a) and NRS 613.340 prohibit employers from retaliating against employees who have "opposed any practice made an unlawful employment practice" under Title VII. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008); N.R.S. 613.340; *see Pope*, 114 P.3d at 311 (explaining that Nevada law follows federal caselaw in interpreting its statutes prohibiting retaliation for protected activities). Moreover, to state a retaliation claim, Plaintiff must allege: (1) he engaged in a protected activity, (2) he was subject to an adverse employment action, and (3) a causal link exists between the protected activity and the employer's adverse action. *Davis*, 520 F.3d at 1093-94.

### i. Protected Activity

Title VII's anti-retaliation provision defines "protected activity" as either: (1) opposing "any practice made an unlawful employment practice" by Title VII; or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing

under Title VII. 42 U.S.C. § 2000e–3(a). The first clause is known as the "opposition clause," while the second is known as the "participation clause." *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 274 (2009). The participation clause is meant "to protect the employee who utilizes the tools provided by Congress to protect his rights." *Vasconcelos v. Meese*, 907 F.2d 111, 113 (9th Cir. 1990).

Here, Plaintiff does not allege how his involvement in Defendant's internal investigation constitutes participation in a protected activity under Title VII. That is, no allegations describe Defendant's internal investigation as occurring in conjunction with charges, procedures, or steps related to the EEOC. *Vasconcelos*, 907 F.2d at 113; *EEOC v. Total Sys. Servs.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (explaining protections for purposes of participation concern "proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC"). Further, according to the First Amended Complaint, Plaintiff's engagement with the EEOC occurred after Defendant's alleged retaliatory conduct. (FAC ¶ 4). Plaintiff thus has not alleged a plausible retaliation claim based on the participation clause of 42 U.S.C. § 2000e–3(a).

Nevertheless, Plaintiff provides allegations that can support retaliation under the opposition clause. Namely, Plaintiff alleges that, during Defendant's internal investigation, he voiced concerns to Defendant's General Manager and Assistant General Manager about a culture of sexual harassment within Defendant's business, which Plaintiff believed was discriminatory. (*Id.* ¶¶ 50–53). Plaintiff additionally alleges that he identified individuals who engaged in sexually harassing behavior, which "diminish[ed] the employment atmosphere." (*Id.* ¶¶ 50–51). Though these complaints appear informal, they are sufficient for Plaintiff's retaliation claim to proceed at this stage and when taken in the light most favorable to Plaintiff. *See Crawford*, 555 U.S. at 276 (holding "an ostensibly disapproving account of sexually

obnoxious behavior" was sufficient to convey opposition); *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 506 (9th Cir. 2000) (allowing a retaliation claim based on informal protest of an alleged discriminatory policy).

### ii. Adverse Action

For the second element of adverse action, "an adverse employment action is adverse treatment that is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1237 (9th Cir. 2000). Here, Plaintiff sufficiently alleges adverse action by pointing to his termination. (FAC ¶ 53); *Davis*, 520 F.3d at 1094.

### iii. Causal Link to the Protected Activity

Addressing now the third element of showing the requisite causal link, Plaintiff must allege that his protected activity was at least one of the reasons for Defendant's adverse actions against him; and he must allege that, but for such activity, Defendant would not have taken those actions. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation."). A causal link may be inferred from facts that demonstrate a proximity in time between the protected activity and the alleged retaliation. *Davis*, 520 F.3d at 1094.

Here, Plaintiff's alleged retaliatory termination occurred roughly fifteen days after his primary complaints about a discriminatory culture in Defendant's business based on inappropriate sexual harassment. (FAC ¶ 50, 53). That narrow proximity in time is sufficient at this stage to permit Plaintiff's retaliation claim to proceed. *See id.*; *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (per curiam).

### C. Violation of the Civil Rights Act of 1871, § 1981

Plaintiff's third claim concerns violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981 ("§ 1981"). Defendant argues that the Court must dismiss this claim because the supporting allegations in the First Amended Complaint rely on gender discrimination, while

§ 1981 protects racial discrimination. (MTD 9:22–10:7). In response, Plaintiff requests leave to amend this claim in order to assert race discrimination as a proper basis. (Resp. 8:17–18). The Court thus dismisses Plaintiff's third claim under § 1981; and the below discussion addresses leave to amend.

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) permits courts to "freely give leave [to amend] when justice so requires." "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Concerning Plaintiff's first claim, the First Amended Complaint fails primarily due to conclusory allegations that do not reveal sufficient factual support. In light of the liberal standards governing amendment, Plaintiff may file an amended complaint that corrects the deficiencies outlined in this Order.

The Court similarly grants Plaintiff leave to amend his third claim under § 1981. The Court recognizes Defendant's argument that Plaintiff's proposed second amended complaint, (ECF No. 14), alleges racial discrimination under § 1981, while simultaneously recognizing equal or more favorable treatment of individuals with the same race as Plaintiff. (Resp. 4:22–5:22, ECF No. 16). According to Defendant, that inconsistency renders Plaintiff's § 1981 claim meritless. (*Id.* 5:12–16). However, Plaintiff responds by stating that an amendment would focus on members inside Plaintiff's work group, but outside Plaintiff's race, engaging in similar harassment without adverse consequences like Plaintiff. (Reply 4:26–5:11, ECF No. 19). The Court expresses no opinion on the viability of such theory at this time because the currently proposed second amended complaint does not specify how Plaintiff was similarly

situated to specific comparators and how the comparator's harassment resembled that alleged against Plaintiff. (*See* Prop. Second Am. Compl. ¶ 93, Ex. A to Mot. Am., ECF No. 14) (broadly stating "other non-African American male employees were not terminated, suspended, or subject to disparate treatment."); *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 690–91 (9th Cir. 2017) (explaining how the analysis for Title VII and § 1981 racial discrimination claims are nearly identical). Consequently, if Plaintiff elects to correct his third claim, Plaintiff must provide non-conclusory allegations that can support it. After amendment, Defendant may then assert its same concerns with Plaintiff's § 1981 claim (if they still exist), wherein the Court can undertake a full analysis.

Because the Court provides Plaintiff with an opportunity to amend his claims, Plaintiff shall have twenty-one days from the date of this Order to file a corrected second amended complaint. Failure to do so will constitute dismissal of the deficient claims with prejudice.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 9), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint, (ECF No. 14), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one days from the date of this Order to file a corrected second amended complaint. Failure to do so will result in dismissal of Plaintiff's first and third claims with prejudice.

**DATED** this ___29___ day of March, 2019.

 

_____
Gloria M. Navarro, Chief Judge
United States District Court