**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PETER SLACK,  )
           )
         Plaintiff,  )   Case No.: 2:18-cv-00899-GMN-DJA
  vs.  )
           )   **AMENDED ORDER**
UNITED AIRLINES, INC.,  )
           )
         Defendant.  )

Pending before the Court is Defendant United Airlines, Inc.'s ("Defendant") Partial Motion to Dismiss the Second Amended Complaint, (ECF No. 30). Plaintiff Peter Slack ("Plaintiff") filed a Response, (ECF No. 32), and Defendant filed a Reply, (ECF No. 33). For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss.

**I.    BACKGROUND**

This case arises from Defendant's December 29, 2017 termination of Plaintiff as its employee. (Second Am. Compl. ("SAC") ¶ 60, ECF No. 29). That termination came after Defendant conducted an internal investigation into Plaintiff for sexual harassment in the workplace. (*Id.* ¶¶ 34–62).

Defendant's internal investigation began on November 1, 2017, after members of Plaintiff's working group (specifically, Leona Lee and Markisha Jordan) accused Plaintiff of sexual harassment. (*Id.* ¶¶ 33, 34). Upon receiving those accusations, Defendant immediately suspended Plaintiff with pay pending the outcome of the investigation. (*Id.* ¶ 35). As the investigation progressed, Plaintiff alleges that he provided his own evidence to combat the harassment allegations, alongside a statement from another of Defendant's employees stating that Plaintiff was not a threat nor did he make the employee feel uncomfortable. (*Id.* ¶¶ 43–45, 52–55). Plaintiff similarly alleges that on December 14, 2017, as part of Defendant's internal

investigation, Plaintiff explained to Defendant's General Manager, George Bieloszabski, and Assistant General Manager, Sherida Derby, that Defendant's workplace had a "pervasive culture of inappropriate, sexual, and harassing comments." (*Id.* ¶¶ 56–59). At that time, Plaintiff also "advised Mr. Bieloszabski and Ms. Derby that Ms. Lee is the employee who regularly made inappropriate comments involving sexual issues, and sexually harasses other employees frequently, including [Plaintiff]." (*Id.* ¶ 57). Moreover, Plaintiff reported co-workers Monique Willis, Jesus Sosa, and David Jimenez "for inappropriate sexual jokes and commentary to Defendant and, upon information and belief, Defendant did not take any action" (*Id.* ¶ 32).

Roughly two weeks after that December 14, 2017 discussion, Defendant terminated Plaintiff from his position. (*Id.* ¶ 60–65). Plaintiff subsequently tried to appeal his termination through Defendant's internal appellate procedures, but without success. (*Id.* ¶ 67–72).

On February 20, 2018, Plaintiff received a Right to Sue Letter from the United States Equal Employment Opportunity Commission ("EEOC"), in response to his filing of a Charge of Discrimination against Defendant. (*Id.* ¶ 4). On May 17, 2018, Plaintiff filed this action against Defendant. (Compl., ECF No. 1). Plaintiff alleges the following three claims for relief: (1) discrimination based on gender in violation of Nevada Revised Statute ("NRS") 613.330 *et. seq.* and 42 U.S.C. § 2000e *et. seq.* ("Title VII"); (2) retaliation in violation of 42 U.S.C. § 2000e-3 and NRS 613.340; and (3) violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981. (*Id.* ¶¶ 74–106); (Pl's Resp. at 5, ECF No. 12) (voluntarily waiving any claim for race, color, national origin, and/or age discrimination under Title VII and state law). Plaintiff then filed a First Amended Complaint, (ECF No. 6), based on the same claims; and Defendant filed a Motion to Dismiss, (ECF No. 9). The Court granted the Motion as to Claims One and Three, but gave Plaintiff leave to amend. (Mar. 29, 2019 Order, ECF No. 28). On April 19, 2019,

Plaintiff filed a Second Amended Complaint, (ECF No. 29). The instant Motion to Dismiss, (ECF No. 30), now follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court should dismiss "Prolix, confusing complaints" as "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into one for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Otherwise, if the court considers materials outside the pleadings, the motion to dismiss converts into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims for gender discrimination and racial discrimination on the ground that they lack sufficient allegations to plausibly support the named causes of action.[1] (*See* Mot. Dismiss ("MTD") at 2, ECF No. 30). The Court addresses each claim *seriatim*.

### A. Gender Discrimination

Plaintiff's first claim concerns gender discrimination in violation of Title VII and NRS 613.330. (SAC ¶¶ 74–88). Plaintiff accordingly must allege: (1) he belonged to a protected class; (2) he was qualified for his job; (3) he experienced an adverse employment action; and (4) similarly situated employees outside of his protected class were "treated more favorably, or

---

[1] In its Motion, Defendant states that "it moves for dismissal . . . of certain claims asserted in Plaintiff's Second Amended Complaint," and that it "seeks dismissal of Plaintiff's discrimination and retaliation claims[.]" (Mot. Dismiss at 1, ECF No. 30). However, Defendant does not provide points and authorities supporting the dismissal of Plaintiff's retaliation claim. In fact, the Court's March 29, 2019 order found that Plaintiff's claim for retaliation was sufficiently pled. As such, the instant Order need not address retaliation.

[that] other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)); *see Stewart v. SBE Entm't Grp., LLC*, 239 F. Supp. 3d 1235, 1246 n.61 (D. Nev. 2017) (explaining that a discrimination claim under NRS 613.330 proceeds under the same analysis as that of a Title VII claim); *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005).

Defendant argues that Plaintiff's claim for gender discrimination should be dismissed because "Plaintiff fails to allege facts to support that similarly situated individuals outside his protected class—females—were treated more favorably." (MTD at 5). The Court disagrees.

Plaintiff alleges he worked as a customer service agent and that during his employment with Defendant, Plaintiff primarily "worked in a working group" comprised of Leona Lee, Markisha Jordan, Rowena Helin, and Monique Willis, among others. (SAC ¶¶ 13, 18). Plaintiff further alleges that Lee and Jordan were also customer service agents. (*Id.* ¶¶ 19, 23). Willis "maintained the duties of a customer service agent, a service director and acting supervisor." (*Id.* ¶ 25). Helin worked as a service director. (*Id.* ¶ 24). Lee, Jordan, Helin, and Willis are all female. (*Id.* ¶¶ 19, 23, 24, 25). Moreover, each of them made inappropriate sexual jokes and commentary to Defendant. (*Id.* ¶¶ 20, 26, 32, 57, 58, 64). Additionally, Lee sexually harassed Plaintiff and other employees frequently. (*Id.* ¶ 57). According to Plaintiff, when Plaintiff he accused of sexual harassment, Defendant did not consider the evidence Plaintiff produced and only considered the statements of Plaintiff's accusers, which were exclusively female. (*Id.* ¶¶ 61–63, 65). Defendant then terminated Plaintiff. (*Id.* ¶ 60). When Plaintiff made similar accusations regarding Lee, Jordan, Helin, and Willis, Defendant did not terminate them, nor did Defendant adequately investigate the accusations Plaintiff made against them. (*Id.* ¶¶ 22, 28, 32, 63, 64).

Taken together, Plaintiff's allegations show that employees outside of Plaintiff's protected class engaged in comparable work activity as Plaintiff and engaged in similar conduct as that alleged against Plaintiff. *Hawn*, 615 F.3d at 1157 ("Generally, we have determined that 'individuals are similarly situated when they have similar jobs and display similar conduct.'"). Moreover, said female employees were treated more favorably than Plaintiff because while Defendant terminated Plaintiff, no adverse employment action was taken against the female employees. Accordingly, Plaintiff provides sufficient factual allegations that reveal a plausible claim for gender discrimination. The Court thus denies Defendant's Motion as to this claim.

**B. Violation of the Civil Rights Act of 1871, § 1981**

Plaintiff also asserts a claim for violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981. (SAC ¶¶ 98–106). Section 1981 prohibits discrimination in the "benefits, privileges, terms and conditions" of employment. 42 U.S.C. § 1981(b); *Metoyer v. Chassman*, 504 F.3d 919, 935 (9th Cir. 2007). When analyzing § 1981 claims, courts apply "the same legal principles as those applicable in a Title VII disparate treatment case." *Id.* at 930 (quoting *Fonseca v. Sysco Food Servs. of Ariz. Inc.*, 374 F.3d 840, 850 (9th Cir. 2004)).

Defendant first argues that this claim should be dismissed because Plaintiff fails to allege that "similarly situated employees outside his protected class—African-American—were treated more favorably." (MTD at 8). This argument is unpersuasive. Plaintiff alleges that he worked for Defendant as a customer service agent. (SAC ¶ 13). Sosa and Jimenez were Hispanic males that also worked as customer service agents for Defendant. (*Id.* ¶ 31). Sosa and Jimenez "routinely made inappropriate commentary while working for Defendant." (*Id.*). When Plaintiff was accused of sexual harassment, Defendant terminated Plaintiff. (*Id.* ¶¶ 33, 60). When Plaintiff reported Sosa and Jimenez for inappropriate sexual jokes and commentary to Defendant, Defendant did not take any action. (*Id.* ¶ 32). Resolving all reasonable doubts and inferences in Plaintiff's favor, and viewing the Second Amended Complaint in the light

most favorable to the non-moving party, *Twombly*, 550 U.S. at 555, Plaintiff has sufficiently alleged that similarly situated employees outside his protected class were treated more favorably.

Defendant next argues that Nevada is an at-will employment state and "Plaintiff fails to provide any allegations about his purported employment contract, giving rise to his Section 1981 claim." (MTD at 8). However, at-will employment can serve as the predicate contract for a discrimination claim under Section 1981. *Skinner v. Maritz, Inc.*, 253 F.3d 337, 340 (8th Cir. 2001); *Lauture v. Int'l Business Machines Corp.*, 216 F.3d 258, 262–63 (2d Cir. 2000); *Perry v. Woodward*, 199 F.3d 1126, 1133 (10th Cir. 1999); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018–19 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1051–52 (5th Cir. 1998);.*Mendoza v. Kindred Healthcare Operating, Inc.*, No. 11-cv-00666-YGR, 2012 WL 2055007, at *14 (N.D. Cal. June 5, 2012). As such, this argument is unavailing.

Further, Defendant relies on *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), for the proposition that "Section 1981 applies only to the making and enforcement of private contract and does not apply to 'conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract violations.'" (Reply at 34) (quoting *Patterson*, 491 U.S. at 171). But *Patterson* is a 1989 decision. In response to the *Patterson* holding, Congress amended § 1981 as part of the 1991 Civil Rights Act. Congress added subsection (b), which defines "make and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Given that § 1981 now includes the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, Defendant's interpretation of § 1981 as only applying to conduct which occurs *after* the formation of a contract is inappropriately narrow.

Lastly, Defendant asserts that, "Plaintiff fails to allege that Ms. Sosa and Mr. Jimenez's alleged comments were specifically sexual in nature or based on any protected characteristic." (MTD at 8 n.5). However, Plaintiff's Second Amended Complaint alleges that "[o]n December 14, 2017, [Plaintiff] reported . . . Mr. Sosa and Mr. Jimenez for inappropriate *sexual jokes and commentary* to Defendant and, upon information and belief, Defendant did not take any action." (SAC ¶ 32) (emphasis added). As such, this argument is without support. The Court therefore finds that Plaintiff was sufficiently stated a cause of action under § 1981.

Accordingly, because Defendant has failed to meet its burden regarding each of its Rule 12(b)(6) arguments, Defendant's Motion to Dismiss is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 30), is **DENIED**.[2]

**DATED** this __25__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] The Court's original Order provided an incorrect ECF number for Defendant's Motion to Dismiss. This Amended Order corrects that discrepancy.