# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER SLACK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　　Defendant. | Case No. 2:18-cv-00899-GMN-DJA<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant's Motion to Extend Time re the Dispositive Motions Deadline (Fourth Request) (ECF No. 65), filed on June 1, 2020. Plaintiff filed a Response (ECF No. 67) along with his Second Motion to Reopen Discovery (ECF No. 68) on June 9, 2020. Defendant filed a Reply (ECF No. 69) on June 9, 2020.

　　　　Defendant seeks to extend the dispositive motions deadline currently set for June 22, 2020 for a fourth time. (ECF No. 65). It contends that 60 days is needed due implications of COVID-19. Specifically, Defendant's business is still not fully operational and difficulties related to the pandemic constitute good cause for the extension. Plaintiff opposes the requested 60-day extension because he claims that Defendant can utilize technology to meet the current deadline and he would be prejudiced by the extension. (ECF No. 67). He argues that upcoming furloughs and layoffs due to the pandemic may result in limitations to potential witnesses in this case. Defendant replies that Plaintiff fails to recognize the impact COVID-19 is having on its business and did not demonstrate any prejudice to the requested extension. (ECF No. 69).

　　　　The Court finds that Defendant's request for a 60-day extension to the dispositive motions deadline is supported by good cause. It is not persuaded by Plaintiff's speculative claim that he will be prejudiced by the extension. Indeed, he merely persists in claiming that Defendant should adapt to the new reality of doing business during a pandemic. While the Court appreciates his

concern that his case be expeditiously resolved, it cannot find that he would be prejudiced by the requested extension. Indeed, speculative layoffs by Defendant set for a time in the future is not a sufficient reason to deny the extension. Indeed, given the Court's backlog as a result of COVID-19 and need to prioritize criminal cases, even if dispositive motions were filed immediately, it is unlikely that they would be ruled on before six months and this case is not likely to get a 2021 trial date, if it survives dipositive motions. Therefore, the Court will extend the dispositive motions deadline to August 21, 2020.

As for Plaintiff's Second Motion to Reopen Discovery, the Court finds it necessary to deny it without prejudice. Plaintiff moves to reopen discovery for 60 days to permit him to obtain documents he claims are being withheld by Defendant despite meeting and conferring as previously ordered by the Court. (ECF No. 68). Although the Court recognizes that Plaintiff is proceeding pro se, he is still obligated to follow the Local Rules and Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

In particular, the Court has already instructed Plaintiff to review the Local Rules pertaining to filing a motion to compel and reopen discovery, but he has again failed to comply. (ECF No. 56). His motion fails to specify the exact discovery requests that he is seeking to compel answers on and does not include the text of the discovery or when it was sought. *See* Local Rule 26-6(b). Without such information, the Court cannot even determine the specific discovery sought and whether it was properly served. Plaintiff's motion also fails to set forth a declaration with specific details of the meet and confer efforts and just claims that the parties cannot agree. *See* Local Rule 26-6(c). He also fails to recognize that the Local Rules have been amended and cites to LR 26-4 improperly.

Moreover, the Court notes that discovery closed on December 16, 2019. (ECF No. 44). As a result, Plaintiff is required to demonstrate excusable neglect in order for the Court to find any reopening of discovery is warranted. On the record presented to it at this point, the Court does not find that standard has been met. It will deny Plaintiff's motion to reopen discovery without prejudice.

1   IT IS THEREFORE ORDERED that Defendant's Motion to Extend Time re the
Dispositive Motions Deadline (Fourth Request) (ECF No. 65) is **granted**.

   IT IS FURTHER ORDERED that the dispositive motions deadline shall be set for **August 21, 2020**.

   IT IS FURTHER ORDERED that Plaintiff's Second Motion to Reopen Discovery (ECF No. 68) is **denied without prejudice**.

DATED: June 10, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE